RULE 150. BENCH WARRANTS.

(A) In a court case when a bench warrant is executed, the case is to proceed in accordance with the following procedures.

(1) When a defendant or witness is arrested pursuant to a bench warrant, he or she shall be taken without unnecessary delay for a hearing on the bench warrant. The hearing shall be conducted by the judicial officer who issued the bench warrant, or, another judicial officer designated by the president judge or by the president judge's designee to conduct bench warrant hearings.

(2) In the discretion of the judicial officer, the bench warrant hearing may be conducted using two-way simultaneous audio-visual communication.

(3) When the individual is arrested in the county of issuance, if the bench warrant hearing cannot be conducted promptly after the arrest, the defendant or witness shall be lodged in the county jail pending the hearing. The authority in charge of the county jail promptly shall notify the court that the individual is being held pursuant to the bench warrant.

(4) When the individual is arrested outside the county of issuance, the authority in charge of the county jail promptly shall notify the proper authorities in the county of issuance that the individual is being held pursuant to the bench warrant.

(5) The bench warrant hearing shall be conducted without unnecessary delay after the individual is lodged in the jail of the county of issuance on that bench warrant.

(a) When the bench warrant is issued by the supervising judge of a "multi-county" investigating grand jury, the individual shall be detained only until the supervising judge is available to conduct the bench warrant hearing.

(b) In all other cases, the individual shall not be detained without a bench warrant hearing on that bench warrant longer than 72 hours, or the close of the next business day if the 72 hours expires on a non-business day.

(6) At the conclusion of the bench warrant hearing following the disposition of the matter, the judicial officer immediately shall vacate the bench warrant.

(7) If a bench warrant hearing is not held within the time limits in paragraph (A)(5)(b), the bench warrant shall expire by operation of law.

(B) As used in this rule, "judicial officer" is limited to the magisterial district judge or common pleas court judge who issued the bench warrant, or the magisterial district judge or common pleas court judge designated by the president judge or by the president judge's designee to conduct bench warrant hearings, or in Philadelphia, trial

commissioners **and Philadelphia Municipal Court judges**.

COMMENT:  This rule addresses only the procedures to be followed after a bench warrant is executed, and does not apply to execution of bench warrants outside the Commonwealth, which are governed by the extradition procedures in 42 Pa.C.S. § 9101 *et seq.*, or to warrants issued in connection with probation or parole proceedings.

For the bench warrant procedures when a witness is under the age of 18 years, see Rule 151.

Paragraph (A)(2) permits the bench warrant hearing to be conducted using two-way simultaneous audio-visual communication, which is a form of advanced communication technology.  *See* Rule 103.  Utilizing this technology will aid the court in complying with this rule, and in ensuring individuals arrested on bench warrants are not detained unnecessarily.

Once a bench warrant is executed and the defendant is taken into custody, the bench warrant no longer is valid.

To ensure compliance with the prompt bench warrant hearing requirement, the president judge or the president judge's designee may designate only a magisterial district judge to cover for magisterial district judges or a common pleas court judge to cover for common pleas court judges. *See also* Rule 132 for the temporary assignment of magisterial district judges.  In Philadelphia, the current practice of designating trial commissioners **and Philadelphia Municipal Court judges** to conduct bench warrant hearings is acknowledged in paragraph (B).

It is expected that the practices in some judicial districts of a common pleas court judge (1) indicating on a bench warrant the judge has issued that the bench warrant is a "judge only" bench warrant, or (2) who knows he or she will be unavailable asking another common pleas court judge to handle his or her cases during the common pleas court judge's absence, would continue.

Paragraph (A)(5)(a) recognizes the procedural and substantive differences between "multi-county" investigating grand jury proceedings and all other proceedings in the court of common pleas, including a county investigating grand

jury, by eliminating the time limit for conducting the bench warrant hearing when the bench warrant is issued by the multi-county investigating grand jury supervising judge. *See* Rules 240-244 and 42 Pa.C.S. § 4544. When the supervising judge issues a bench warrant, the bench warrant hearing must be conducted expeditiously when the supervising judge is available.

Paragraph (A)(6) requires the judicial officer to vacate the bench warrant at the conclusion of the bench warrant hearing. The current practice in some judicial districts of having the clerk of courts cancel the bench warrant upon receipt of a return of service is consistent with this paragraph, as long as the clerk of courts promptly provides notice of the return of service to the issuing judge.

It is incumbent upon the president judge or the president judge's designee to establish procedures for the monitoring of the time individuals are detained pending their bench warrant hearing.

For the procedures concerning violation of the conditions of bail, see Chapter 5 Part C.

As used in this rule, "court" includes magisterial district judge courts.

For the bench warrant procedures in summary cases, see Rules 430(B) and 431(C).

**For procedures for the detention of witnesses, see Rule 522.**

For the arrest warrants that initiate proceedings in court cases, see Chapter 5, Part B(3)(a), Rules 513, 514, 515, 516, 517, and 518. For the arrest warrants that initiate proceedings in summary cases, see Chapter 4, Part D(1), Rules 430(A) and 431(B).


NOTE: Adopted December 30, 2005, effective August 1, 2006; *Comment* revised October 24, 2013, effective January 1, 2014 **[.] ; amended December 7, 2018, effective April 1, 2019.**

\*   \*   \*   \*   \*   \*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Final</u> <u>Report</u> explaining new Rule 150 providing procedures for bench warrants published with the Court's Order at 36 <u>Pa.B.</u> 184, 2006 (January 14, 2006).*

*<u>Final</u> <u>Report</u> explaining the October 24, 2013 Comment revision adding a cross-reference to new Rule 151 published with the Court's Order at 43 <u>Pa.B.</u> 6654 (November 9, 2013).*

*<u>Final Report explaining the December 7, 2018 amendment regarding procedures for the detention of witnesses pursuant to Rule 522 published with the Court's Order at 48 Pa.B.            (      , 2018).</u>*

RULE 151. BENCH WARRANT PROCEDURES WHEN WITNESS IS UNDER AGE OF 18 YEARS.

(A)  In a court case when a bench warrant for a witness under the age of 18 years is executed, except as provided in this rule, the case is to proceed in accordance with the procedures in Rule 150.

(B)  Upon execution of the warrant for a minor witness, the arresting officer immediately shall inform the proper judicial officer and a parent or guardian of the minor witness of the arrest of the minor witness.

(C)  *Execution of Bench Warrant in County of Issuance*

(1)  If the judicial officer who issued the bench warrant, or another judicial officer designated by the president judge or by the president judge's designee, is not available to conduct the bench warrant hearing without unnecessary delay, the minor witness shall be taken before the on-call judge of the court of common pleas.

(a)   The on-call judge shall determine whether to release the witness or to detain the witness pending the bench warrant hearing. If the bench warrant specifically orders detention of the minor witness, the on-call judge shall not release the witness.

(b)   If the on-call judge determines the witness must be detained, the witness shall be detained in a detention facility. The on-call judge shall notify the parent or guardian of the minor witness of the detention.

(2)  The minor witness shall not be detained without a bench warrant hearing on that bench warrant longer than 24 hours, or the close of the next business day if the 24 hours expires on a non-business day.

(D)  *Execution of Bench Warrant Outside County of Issuance*

(1)  The minor witness shall be taken before a common pleas court judge of the county of arrest without unnecessary delay and in no case later than the end of the next business day.

(2)  The judge shall identify the minor witness as the subject of the bench warrant, decide whether detention as a minor witness is necessary, and order that arrangements be made immediately to transport the minor witness to the county of issuance.

(3)  If transportation cannot be arranged immediately, the minor witness shall be released unless the bench warrant specifically orders detention of the witness. In

this case, the minor witness shall be detained in an out-of-county detention facility.

(4)  If detention is ordered, the minor witness shall be brought to the county of issuance within 72 hours from the execution of the bench warrant.

(5)  If the time requirements of this paragraph are not met, the minor witness shall be released.

COMMENT:  This rule was adopted in 2013 to establish the procedures when a witness subject to a bench warrant is under the age of 18. The procedures following the execution of a bench warrant set forth in Rule 150 apply to cases when the witness is under the age of 18, except as otherwise provided in this rule.

Paragraph (B) ensures that the judicial officer who issued the bench warrant is aware that the minor witness has been arrested, and that a parent or guardian of the arrested minor witness is notified of the arrest.

The procedures in paragraph (C) for cases in which the bench warrant is executed in the county of issuance, recognize the need, when the issuing judicial officer is unavailable, to conduct the bench warrant hearing, for the common pleas court judge who is on call to determine whether a minor witness may be released or must be detained. If the minor witness is detained, the bench warrant hearing must be held no later than the end of the next business day. If the bench warrant hearing is not conducted within this time period, the minor witness must be released.

The minor witness may not be detained in an adult facility pending a bench warrant hearing.

In cases in which the bench warrant is executed outside the county of issuance, the minor witness must be transported to the county of issuance within 72 hours of the execution of the bench warrant, and the bench warrant hearing must be conducted by the end of the next business day.

As used in this rule, ''minor witness'' means a witness who is under the age of 18 years, and ''proper judicial officer'' means the judicial officer who issued the bench warrant, or,

6

another judicial officer designated by the president judge or by the president judge's designee.

**When a witness under the age of 18 years is to be detained pursuant to Rule 522, the procedures in this rule are applicable.**

NOTE: Adopted October 24, 2013, effective January 1, 2014 **[.] ;** *Comment* **revised December 7, 2018, effective April 1, 2019.**

\*      \*      \*      \*      \*      \*

*COMMITTEE EXPLANATORY* <u>*REPORTS*</u>*:*

<u>*Final*</u> <u>*Report*</u> *explaining the October 24, 2013 adoption of new Rule 151 providing procedures for bench warrants when a witness is under the age of 18 published with the Court's Order at 43* <u>*Pa.B.*</u> *6655 (November 9, 2013).*

*<u>Final Report explaining the December 7, 2018 Comment revision regarding procedures for the detention of witnesses pursuant to Rule 522 published with the Court's Order at 48 Pa.B.          (        , 2018).</u>*

RULE 522.  DETENTION OF WITNESSES.

(A)  After an accused has been arrested for any offense, upon application of the attorney for the Commonwealth or defense counsel, and subject to the provisions of this chapter, a court may set bail for any material witness named in the application.  The application shall be supported by an affidavit setting forth adequate cause for the court to conclude that the witness will fail to appear when required if not held in custody or released on bail.  Upon receipt of the application, the court may issue process to bring any named witnesses before it for the purpose of demanding bail.

(B)  If the material witness is unable to satisfy the conditions of the bail bond after having been given immediate and reasonable opportunity to do so, the court shall commit the witness to jail, provided that at any time thereafter and prior to the term of court for which the witness is being held, the court shall release the witness when the witness satisfies the conditions of the bail bond.

(C)  Upon application, a court may release a witness from custody with or without bond, or grant other appropriate relief.

**(D) If process has been issued pursuant to paragraph (A) for a material witness who is under the age of 18 years, the procedures provided in Rule 151 shall apply.**

COMMENT: This rule does not permit a witness to be detained prior to the arrest of the defendant, since an arrest might never take place and the witness could be held indefinitely.

"Conditions of the bail bond" as used in this rule include the conditions set forth in Rule 526(A) and the conditions of release defined in Rules 524, 527, and 528.

Pursuant to paragraph (C), a witness may be released on his or her own recognizance conditioned upon the witness' written agreement to appear as required.  *See* Rule 524.

This rule does not affect the compensation and expenses of witnesses under the Judicial Code, 42 Pa.C.S. § 5903, or the provisions of the Uniform Act to Secure the Attendance of Witnesses from Within or Without a State in

Criminal Proceedings.  *See* 42 Pa.C.S. §§ 5963(c) and 5964(b) relating to bail.

In cases in which bail is set for a material witness pursuant to this rule, the court should consider all the types of release permitted in Rule 524 and the conditions of nonmonetary release upon bail available under Rule 527. When a material witness is to be detained, the court should impose the least restrictive means of assuring that witness' presence, including the use of release on the witness' own recognizance or release upon other nonmonetary conditions, such as electronic monitoring, especially when the witness has limited financial means to post monetary bail.

NOTE:  Former Rule 4017, previously Rule 4014, adopted November 22, 1965, effective June 1, 1966; renumbered Rule 4017 July 23, 1973, effective 60 days hence; *Comment* revised January 28, 1983, effective July 1, 1983; rescinded September 13, 1995, effective January 1, 1996, and replaced by present Rule 522.  Present Rule 4017 adopted September 13, 1995, effective January 1, 1996.  The January 1, 1996 effective dates extended to April 1, 1996; the April 1, 1996 effective date extended to July 1, 1996; renumbered Rule 522 and amended March 1, 2000, effective April 1, 2001; *Comment* revised April 28, 2006, effective August 1, 2006 **[.] ; amended December 7, 2018, effective April 1, 2019.**

\*          \*          \*          \*          \*          \*

***COMMITTEE EXPLANATORY REPORTS:***

***Final Report explaining the provisions of the new rule published with Court's Order at 25 Pa.B. 4116 (September 30, 1995).***

***Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1477 (March 18, 2000).***

*__Final Report__ explaining the April 28, 2006 revision to the __Comment__ concerning electronic monitoring published with the Court's Order at 36 __Pa.B.__ 2279 (May 13, 2006).*

*__Final Report explaining the December 7, 2018 amendments concerning material witnesses under the age of 18 years published with the Court's Order at 48 Pa.B.        (        , 2018).__*